

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 17, 2013

The Honorable Robert Henneke
Kerr County Attorney
County Courthouse, Suite BA-103
700 Main Street
Kerrville, Texas 78028

Opinion No. GA-1023

Re: Whether an official court reporter for a multi-county judicial district is a state employee or a county employee and related questions (RQ-1124-GA)

Dear Mr. Henneke:

You ask whether the official court reporter for the 198th Judicial District (the "District") is a district employee (and thus an employee of the state) or a county employee.[1]

In approaching your question, we first note that state law does not specify the employment status of district court reporters for all purposes. Indeed, the courts and the Legislature have recognized that a public servant can simultaneously be an employee of the state for one purpose and the employee of another entity for another purpose.[2] Because a district court reporter's employment status may depend on the specific context, we cannot answer your original question with a designation that will be applicable in all instances.

You have, however, supplemented your original request to ask four questions about a district court reporter's employment in specific circumstances.[3] Your first supplemental question is, "Who has authority to terminate the employment of a [district] Court Reporter?" Request Supplement at 1. "Each judge of a court of record" appoints an official court reporter. TEX.

---

[1]*See* Letter and Brief from Honorable Robert Henneke, Kerr Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. (Apr. 22, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter" & "Brief").

[2]*See, e.g., Canales v. Jim Wells Cnty.*, No. 2:12-CV-171, 2013 WL 244835, at *1 (S.D. Tex. Jan. 22, 2013) (noting precedent for treating a district attorney as a state official with respect to prosecutorial functions but as a county official with respect to employment functions); TEX. GOV'T CODE ANN. § 76.006(a), (c) (West 2013) (providing that community supervision and corrections department employees "are not state employees" for general purposes but "are state employees for the purposes of" indemnification by the state under chapter 104 of the Civil Practice and Remedies Code and for participation in a state employee group benefits plan).

[3]Requestor's Supplemental Email (June 10, 2013) (on file with Op. Comm.) ("Request Supplement").

GOV'T CODE ANN. § 52.041 (West 2013). "An official court reporter is a sworn officer of the court and holds office *at the pleasure of the court*." *Id.* (emphasis added). All official court reporters "must take the official oath" required of state officers. *Id.* § 52.045(a). In a district court, the official court reporter "shall be paid a salary set by the order of the judge" and funded by the county,[4] subject to certain limitations. *Id.* § 52.051; *see also id.* § 52.054(a) (in a multi-county judicial district, a district court reporter's salary is apportioned among the counties in proportion to population).[5] Although the county generally pays a district court reporter's salary, "[n]o county official has the authority to overrule the district judges with regard to the . . . firing . . . of official court reporters in the state judicial system." *Bloom v. Bexar Cnty.*, 130 F.3d 722, 725 (5th Cir. 1997). Thus, the district judge who appoints the district court reporter has the sole authority to terminate him or her.

Your second and third supplemental questions pose the following hypothetical situations: "If a Court Reporter initiates an employment discrimination complaint, who would be the correct Respondent party" in litigation? Request Supplement at 1. "If a Court Reporter obtained a monetary judgment following employment law type litigation (Title VII, Tex. Labor Code Ch. 21, ADA, etc), would the State or the counties within the multi-county judicial district be liable to satisfy that judgment? If the counties themselves are liable, how would the liability be apportioned amongst the counties within a multi-county district?" *Id.* We cannot determine the correct respondent party of a hypothetical lawsuit, as it will depend on the underlying facts and the type of claim brought. Nor can we speculate on how liability would be apportioned in a hypothetical lawsuit. *See* Tex. Att'y Gen. Op. No. GA-0430 (2006) at 4 (questions of potential liability are fact-specific and cannot be resolved in the opinion process). Thus, we decline to address your second and third supplemental questions.

In your last supplemental question, you ask: to the extent the counties within the District have any employment liability, what authority do they have "to influence or direct the employment of the court reporter so as to minimize the counties' potential liability?" Request Supplement at 1. In analyzing whether a county was the "employer" of a district court reporter for purposes of the Americans With Disabilities Act, the Fifth Circuit used a hybrid economic realities/common-law control test to determine the extent of the parties' employment relationship. *Bloom*, 130 F.3d at 725–26. The court noted that "[c]ourt reporters for the Texas district courts are subject solely to the control of the elected state district judges" and that "[n]o county official has the authority to overrule the district judges with regard to the hiring, firing, or assignment of official court reporters in the state judicial system." *Id.* at 724–25. Given that the Legislature chose "to explicitly vest control of state district court reporters in state district judges

---

[4]*But see* TEX. GOV'T CODE ANN. § 24.579(c) (West Supp. 2012) (providing that the state shall fund the salary of the 435th District Court reporter, "[n]otwithstanding any other law").

[5]The District is a multi-county judicial district currently composed of Bandera and Kerr counties. *See* Act of May 26, 2013, 83d Leg., R.S., H.B. 3153, § 1.03 (codified at TEX. GOV'T CODE ANN. § 24.377).

rather than counties," a Texas court would likely conclude that a county has no authority to influence or direct the employment of a district court reporter. *Id.* at 724.

## S U M M A R Y

The employment status of a district court reporter is context-specific and cannot be determined for all purposes. The district judge who appoints an official district court reporter has the sole authority to terminate the court reporter. A county has no authority to influence or direct the employment of a district court reporter.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee